### SAYLES v. SMITH.

1. **Appeal:** CERTIFICATE TO EVIDENCE: DATE OF: TOO LATE. The certificate of the judge to the evidence in this case was headed "May term, 1885," that being the term when the case was tried and submitted; but at the end, just before the judge's signature, was the date, "September 15, 1886." *Held* that the certificate must be regarded as made at the date last named, and that, being more than six months subsequent to the date of the decree appealed from, it was too late, and the appeal (the case being in equity) must be dismissed.

*Appeal from Guthrie Circuit Court.*

THURSDAY, MARCH 10.

ACTION TO QUIET TITLE. There was a decree for the defendant. The plaintiff appeals.

*Lyman Porter*, for appellant.

*C. S. Fogg*, for appellee.

ADAMS, CH. J.—The appellee insists that the judge's certificate to the evidence was not made within the time allowed for an appeal. The case was heard at the May term, 1885, and was then taken under advisement, and a decree rendered December 16, 1885. The evidence appears to have been certified September 15, 1886. The appellee's abstract and transcript show the judge's certificate to be in these words:

"*E. R. Sayles v. J. F. Smith.*

"IN THE CIRCUIT COURT OF GUTHRIE COUNTY, IOWA, MAY TERM, 1885.

"I hereby certify that the foregoing transcript, together with the exhibits, records, and depositions therein referred to, contain all the evidence offered and objections made on the trial of the above-entitled cause.

"*September*, 15, 1886.          S. A. CALLVERT, Judge.

The appellant insists that the certificate appears to have been made at the May term, 1885; but we think otherwise. We think that term was mentioned merely as the term at which the case was tried and submitted. The date at the bottom of the certificate was evidently intended to show the time when it was made. The certificate, then, was not made within the time allowed for an appeal, and the case must be

DISMISSED.